UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MICHAEL SILVER,

                            Plaintiff,

          -against-

THE CITY OF NEW YORK, et al.,

                         Defendants.

------------------------------------------------------------x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANT PALMINTERI**

17 CV 7565 (NG) (ST)

**JURY TRIAL DEMANDED**

        Defendant Officer Palminteri, by his attorney Zachary W. Carter, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

### AS TO "PRELIMINARY STATEMENT"

        1.     Denies the allegations set forth in paragraph 1 of the complaint, except admits that plaintiff purports to proceed as stated therein.

### AS TO "JURISDICTION"

        2.     Denies the allegations set forth in paragraph 2 of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3.     Paragraph 3 of the complaint contains averments and conclusions of law and therefore, requires no response, except, to the extent that a response is required, defendant denies the allegations.

        4.     Denies the allegations set forth in paragraph 4 of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        5.     Paragraph 5 of the complaint is a jury demand and requires no response.

## AS TO "VENUE"

6. Denies the allegations set forth in paragraph 6 of the complaint, except admits that plaintiff purports to lay venue as stated therein.

## AS TO "PARTIES"

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 7 of the complaint.

8. Denies the allegations set forth in paragraph 8 of the complaint, except admits that defendant PALMINTERI was employed by the New York City Police Department ("NYPD") on November 18, 2015.

9. Denies the allegations set forth in paragraph 9 of the complaint, except admits that the City of New York is a municipal organization duly organized pursuant to the laws of the State of New York maintaining its police department consistent with all applicable rules and laws, and respectfully refers the Court to the New York City Charter and the Administrative Code for an accurate recitation of the relationship between the City of New York and New York State, and the City of New York and the NYPD.

10. Denies the allegations set forth in paragraph 10 of the complaint, except admits that the City of New York is a municipal organization duly organized pursuant to the laws of the State of New York maintaining its police department consistent with all applicable rules and laws, and respectfully refers the Court to the New York City Charter and the Administrative Code for an accurate recitation of the relationship between the City of New York and New York State, and the City of New York and the NYPD.

## AS TO "STATEMENT OF FACTS"

## AS TO "FIRST INCIDENT"

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

## AS TO "SECOND INCIDENT"

12. Denies the allegations set forth in paragraph 12 of the complaint, except admits that on November 18, 2015, defendant PALMINTERI issued plaintiff two summons, for violating New York Penal Law Sections 221.05 and 240.20(1).

## AS TO "FIRST FEDERAL CLAIM"

13. In response to the allegations set forth in paragraph 13 of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint.

## AS TO "SECOND FEDERAL CLAIM"

16. In response to the allegations set forth in paragraph 16 of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

17. Denies the allegations asserted in paragraph 17 of the complaint.

18. Denies the allegations asserted in paragraph 18 of the complaint.

**AS TO "THIRD FEDERAL CLAIM"**

19. In response to the allegations set forth in paragraph 19 of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

20. Denies the allegations asserted in paragraph 20 of the complaint.

21. Denies the allegations asserted in paragraph 21 of the complaint.

**AS TO "FIFTH FEDERAL CLAIM"**

22. In response to the allegations set forth in paragraph 22 of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

23. Denies the allegations asserted in paragraph 23 of the complaint.

24. Denies the allegations asserted in paragraph 24 of the complaint.

**AS TO "FIRST STATE LAW CLAIM"**

25. In response to the allegations set forth in paragraph 25 of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

26. Denies the allegations asserted in paragraph 26 of the complaint.

**AS TO "SECOND STATE LAW CLAIM"**

27. In response to the allegations set forth in paragraph 27 of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 28 of the complaint.

## AS TO "THIRD STATE LAW CLAIM"

29. In response to the allegations set forth in paragraph 29 of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 30 of the complaint.

## AS TO "FOURTH STATE LAW CLAIM"

31. In response to the allegations set forth in paragraph 31 of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph 32 of the complaint.

## AS TO "WHEREFORE" CLAUSE

33. The demand for relief and all of its subparts do not contain averments of fact and accordingly require no response.

## FIRST AFFIRMATIVE DEFENSE

34. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

35. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendant.

## THIRD AFFIRMATIVE DEFENSE

36. Defendant PALMINTERI has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is entitled to qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

37. At all times relevant to the acts alleged in the Complaint, defendant PALMINTERI acted reasonably and properly in the lawful exercise of his discretion and/or judgmental functions/decisions. Therefore, defendant PALMINTERI is entitled to governmental immunity from liability on Plaintiff's state law claims.

## FIFTH AFFIRMATIVE DEFENSE

38. To the extent the complaint alleges any claims arising under New York State law, such claims are barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of N.Y. GEN. MUN. LAW § 50-(e), (h), and/or (i).

## SIXTH AFFIRMATIVE DEFENSE

39. Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

## NINTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

43. To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish defendant's official duties and to protect their own physical safety and the safety of others.

**ELEVENTH AFFIRMATIVE DEFENSE**

44. Plaintiff provoked any incident.

**TWELFTH AFFIRMATIVE DEFENSE**

45. Plaintiff may have failed to mitigate damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

46. Plaintiff's claims are barred in whole or in part by the terms of the settlement in <u>Sharif Stinson et al. v. City of New York et al.</u>, 10 Civ. 4228 (RWS) (SDNY).

**WHEREFORE**, defendant demands judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 8, 2019

        ZACHARY W. CARTER
        Corporation Counsel of the
        City of New York
        *Attorney for Defendants City, Cepeda, and Palminteri*
        THE CITY OF NEW YORK
        100 Church Street, Rm. 3-197
        New York, New York 10007
        (212) 356-2377

        By:   /s/
             W. KeAupuni Akina
             Senior Counsel

TO:   All Counsel (by ECF)