UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MICHAEL SILVER,

                            *Plaintiff*,                                      **REPORT & RECOMMENDATION**

    -against-                                                          17-CV-7565 (NG) (ST)

CITY OF NEW YORK, ET AL.,

                            *Defendants*.
------------------------------------------------------------X

I.      BACKGROUND

      On December 29, 2017, Plaintiff filed the original Complaint comprised of a number of claims under 42 U.S.C. §1983 and New York state law, in connection with two separate incidents. Regarding the first incident on January 7, 2015, the Complaint alleges a 42 U.S.C. §1983 ("§1983") excessive force claim against Defendant P.O. Cepeda. Compl. ¶¶ 13-15, ECF No. 1. The Complaint also asserts state law claims against Defendant City of New York based on allegations of respondeat superior liability, negligent hiring, training, screening, supervision, and/or instruction. *See* Compl. ¶¶ 27-30. With regard to the second incident, the Complaint asserts §1983 claims for false arrest, excessive force and due process violations against Defendant P.O. Palminteri. *See* Compl. ¶¶ 16-24. It also asserts state law claims against the City based on allegations of respondeat superior liability, negligent hiring, training, screening, supervision, and/or instruction. *See* Compl. ¶¶ 25-26, 31-32.

      Plaintiff now moves to amend his Complaint to (1) add a §1983 due process claim against Defendant P.O. Cepeda, (2) add a new Defendant Detective Malcom Bell, and (3) add a municipal liability claim against the City under §1983 for failure to adequately train Defendant

1

Cepeda. *See* Pl.'s First Motion to Amend/Correct/Supplement ("Pl.'s Mot."), ECF No. 37; Proposed Amended Complaint ("PAC"), ECF No. 37-1.

For the following reasons, I respectfully recommend that Plaintiff's motion to amend the Complaint to add a §1983 Due Process Claim against the existing Defendant Cepeda be GRANTED. I further recommend that Plaintiff's requests to add a claim against a new Defendant Malcom Bell and to add a §1983 Failure to Train Claim against the City be DENIED.

## II.    FACTUAL BACKGROUND

Unless otherwise stated, this section is drawn from the factual allegations in the original Complaint. Plaintiff is a resident of New York residing at 1230 Hancock Street. Compl. ¶¶ 7, 11. Defendants Cepeda and Palminteri are officers of the New York City Police Department. *Id*. ¶ 8.

### 1.    First Incident

According to the complaint, on January 7, 2015 at 8:30 p.m., Defendant Cepeda and his partner Officer Sackett arrived at Plaintiff's home in response to a 911 distress call placed by Plaintiff's unnamed neighbor who is the sister of Plaintiff's girlfriend. *Id*. ¶ 11. The officers were met by Plaintiff's girlfriend who informed them that Plaintiff was inside his apartment threatening to harm himself with a knife. *Id*. Led by the Plaintiff's girlfriend, the officers entered Plaintiff's apartment and saw Plaintiff holding a knife. The officers retreated out of the apartment while the Plaintiff and his girlfriend remained inside. *Id*. The officers then heard Plaintiff's girlfriend yelling and re-entered the apartment as the girlfriend approached Plaintiff and retrieved the knife from him. *Id*. Defendant Cepeda then fired one shot from his service weapon striking Plaintiff in the abdomen. *Id*. This caused Plaintiff's girlfriend to exclaim to Defendant Cepeda, "why did you shoot him? I got the knife." *Id*. Due to the injuries caused by

the shot, Plaintiff was taken to the local hospital where he underwent multiple surgeries, was hospitalized, and suffered pain, permanent injury, and loss of employment. *Id*.

Plaintiff was subsequently charged with several felonious violations of New York State Law. Pertinently, Plaintiff was charged with two counts of Attempted Assault Upon a Police Officer based on Defendant Cepeda's allegedly false statement that Plaintiff lunged at him. *Id*. Plaintiff claims that the severity of these charges led to a higher bail resulting in a prolonged period of incarceration. *Id*. Eventually, Plaintiff pled guilty to a single misdemeanor charge of Attempted Criminal Possession of a Weapon in the Fourth Degree in full satisfaction of all the charges in connection with this incident. *Id.*

### 2. Second Incident

On November 18, 2015 at 12:30 a.m. Plaintiff alleges that he was in the neighborhood of Central Avenue and Halsey Street, when he was approached by Defendant Palminteri who inquired about Plaintiff's activity in the area and asked for his identification. Compl. ¶ 12. Plaintiff contends Defendant Palminteri then searched Plaintiff and improperly placed his hand inside Plaintiff's groin area causing lacerations and bruising. *Id*. Defendant Palminteri proceeded to handcuff Plaintiff and held him in custody for several hours before issuing two summonses for Disorderly Conduct and Possession of Marijuana, both of which were later dismissed. *Id*. As a result of Defendant Palminteri's actions, Plaintiff sought medical treatment of his injuries and sustained a permanent scar on his right leg. *Id*.

### III. LEGAL STANDARDS

#### 1. Motion for Leave to Amend

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is

one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). When a party cannot amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011); *Amaya v. Roadhouse Brick Oven Pizza, Inc.,* 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave [to amend] when justice so requires and such leave is in the court's discretion.") (internal quotation marks and citations omitted). Thus, "Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . ." *Assam v. Deer Park Spring Water, Inc.,* 163 F.R.D. 400, 404 (E.D.N.Y. 1995).

"[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *accord McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-01 (2d Cir. 2007). "The party opposing amendment bears the burden of demonstrating good reason for denial." *Debrosse v. City of New York*, 2016 WL 3647589, at *5 (E.D.N.Y. May 25, 2016) (citing *Speedfit, LLC v. Woodway USA, Inc.*, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015)), *adopted by*, 2016 WL 3647590 (E.D.N.Y. June 30, 2016).

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted). Following *Bell Atlantic Corporation v.*

4

*Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Under this heightened standard of pleading, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

"In determining whether to grant leave to amend, the Court must accept the moving party's non-conclusory factual pleadings and draw all reasonable inferences in that party's favor, 'to determine whether the allegations plausibly give rise to an entitlement to relief.'" *Heinz-Wright v. City of New York*, 2016 WL 3627323, at *4 (E.D.N.Y. June 3, 2016) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)), *adopted by*, 2016 WL 3620759 (E.D.N.Y. June 29, 2016); *see also Konrad v. Epley,* 2013 WL 6200009, at *20 (E.D.N.Y. July 31, 2013), *adopted by,* 2013 WL 6200009 (E.D.N.Y. Nov. 25, 2013). Whether to allow a party to amend its complaint is left to the discretion of the Court. *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir. 1993).

### 2. Statute of Limitations for §1983 Claims

42 U.S.C. §1983 does not itself contain a statute of limitations. Courts must therefore "borrow" the limitations period from the most appropriate or analogous state statute. *Bd. of Regents of Univ. of State of New York v. Tomanio*, 446 U.S. 478, 483-84 (1980). The statute of limitations for unspecified injury actions in New York is three years which applies to the context

5

of federal Section 1983 claims. *See* N.Y. C.P.L.R. § 214(5); *Owens v. Okure*, 488 U.S. 235, 251 (1989) (applying New York's three-year statute of limitations to a Section 1983 claim).

### 3. Relation Back Doctrine

Under the Federal Rules of Civil Procedure, a plaintiff may amend a complaint after the statute of limitations expires where:

> *(A) the law that provides the applicable statute of limitations allows relation back;*
> *(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading; or*
> *(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:*
> > *(i) received such notice of the action that it will not be prejudiced in defending on the merits; and*
> > *(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.*

Fed. R. Civ. P. 15(c)(1). Because the limitations period in this case derives from state law, Rule 15(c)(1)(A) directs the court to consider both federal and state law and employ whichever affords a "more forgiving" principle of relation back. *See, e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013); *Dacosta v. City of N.Y.*, 296 F. Supp. 3d 569, 584 (E.D.N.Y. 2017).

Under New York law, the relation back doctrine codified under New York Civil Practice Law and Rules ("CPLR") Section 203 provides that "claims added by amendment are 'deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.'" *Paulay v. John T Mather Mem'l Hosp.*, No. 14-CV-5613 (SJF)(AYS), 2016 U.S. Dist. LEXIS 34152, at *10 (E.D.N.Y. Mar. 14, 2016), *adopted by*, *Paulay v. John T. Mather Mem'l Hosp.*, No. 14-CV-5613 (SJF)(AYS), 2016 U.S. Dist. LEXIS 49015 (E.D.N.Y. Apr. 12, 2016).

## IV. DISCUSSION

Plaintiff's motion seeks to amend the Complaint to add a Section 1983 Due Process Claim against Defendant Cepeda for a violation of the Fourteenth Amendment Due Process right and against a new Defendant Detective Malcom Bell. Moreover, Plaintiff requests to add a Section 1983 Failure to Train claim against the City of New York. Each request will be analyzed in the following section.

### A. Proposed Addition of a §1983 Due Process Claim Against Defendant Cepeda

First, I will consider Plaintiff's request to add a Fourteenth Amendment Due Process claim as an additional constitutional basis to the existing Section 1983 claim against Defendant Cepeda. Plaintiff's proposed addition is based on the factual allegation that Defendant Cepeda made false statements that "caused felony charges of Attempted Assault Upon a Police Officer to be levied against the Plaintiff, causing Plaintiff to have higher bail and remain incarcerated without lawful reason or cause." PAC ¶ 22. Plaintiff has not provided an explanation as to why this due process claim had been omitted in the original Complaint.

As a threshold matter, I find that the statute of limitations does not preclude Plaintiff from adding the Due Process claim, because relation back is permitted where, as here, the proposed new claims are based upon the same essential facts already alleged in the original Complaint. Fed. R. Civ. P. 15(c)(1)(B); CPLR 203. Here, as Plaintiff's due process claim is based on essentially the same facts alleged to support his existing Section 1983 Excessive Force claim (Compl. ¶¶ 11-12), the relation back doctrine would apply in favor of adding the Due Process claim.

Next, I consider whether — as Defendants argue — the proposed due process claim would be futile. Defs.' Opp. at 2, ECF No. 39. Relying on *McDonough v. Smith*, 139 S. Ct.2149,

2156-57 (2019) and *Burris v. Nassau Cty. DA*, No. CV 14-5540 (JFB) (GRB), 2017 U.S. Dist. LEXIS 5523, at*27 (E.D.N.Y. Jan. 12, 2017), Defendants contend that a favorable termination of prosecution is required to establish a §1983 due process claim, and since Plaintiff pled guilty to the misdemeanor offense of attempted criminal possession of a weapon in the fourth degree, Plaintiff cannot meet this requirement. Defendants' position is not supported by the binding precedents that developed after the Supreme Court decision in *McDonough*.

In *McDonough*, the petitioner brought a §1983 due process claim on grounds that the prosecutor presented fabricated evidence during the criminal proceedings. There, the petitioner was acquitted of his criminal charges, thus, the Court had "no occasion to address the broader range of ways a criminal prosecution (as opposed to a conviction) might end favorably to the accused." *McDonough v. Smith*, 139 S. Ct. 2149, 2160 n.10 (2019). However, as Justice Sotomayor noted in dicta, "the question [of] whether a given resolution should be understood as favorable or not . . . might call for a more capacious understanding of what constitutes favorable termination for purposes of a §1983 false-evidence claim." By doing so, the Court left open the issue of which types of resolution in a criminal case may be construed to be favorable termination. *Id*. Post-*McDonough*, courts in this Circuit have applied a more lenient standard of "favorable termination" in procedural due process claims as opposed to its restrictive application in malicious prosecution claims. *See, e.g.*, *Simon v. City of N.Y.*, No. 16-CV-1017 (NGG) (RML), 2020 U.S. Dist. LEXIS 47919 (E.D.N.Y. Mar. 19, 2020). Most recently, the Second Circuit in *Simon v. City of N.Y.* held that, although "*McDonough* introduced a favorable termination element into Plaintiff's fair trial claim" it does not impose the "strict affirmative indication of innocence standard" — the standard employed in malicious prosecution claims —

to demonstrate a favorable termination. *Simon*, 2020 U.S. Dist. LEXIS 47919, at *15. As eloquently explained by the Second Circuit:

> *In contrast [to the malicious prosecution claim], a fair trial claim based on the fabrication of evidence arises out of the principle that "[n]o arrest, no matter how lawful or objectively reasonable, gives an arresting officer or his fellow officers license to deliberately manufacture false evidence against an arrestee" and that to find otherwise "would make a mockery of the notion that Americans enjoy the protection of due process of the law and fundamental justice." Ricciuti, 124 F.3d at 130. Because the fabrication of evidence is definitionally unreasonable, the favorable termination requirement for a fair trial claim does not stem from the nature of the constitutional violation, but from the prudential best practice of avoiding conflicting civil and criminal judgments resulting from parallel civil and criminal litigation.*

*Simon*, 2020 U.S. Dist. LEXIS 47919, at *16-17. In other recent cases, this court made similar distinctions in applying the favorable termination standard in due process claims versus malicious prosecution claims. For example, this court held that while an Adjournment in Contemplation of Dismissal ("ACD") constitutes a favorable termination for due process (fair trial) claims, it would not be considered a favorable termination for purposes of malicious prosecution claims. *Compare Ross v. City of New York*, No. 17-CV-3505 (PKC) (SMG), 2019 U.S. Dist. LEXIS 169762, at *7 (E.D.N.Y. Sept. 30, 2019), *with Turyants v. City of New York*, No. 18-CV-841 (PKC), 2020 U.S. Dist. LEXIS 27492, 2020 WL 804900 (E.D.N.Y. Feb. 18, 2020).

The question raised in the instant case is, whether pleading guilty to a lesser crime or a different category of crime may constitute "favorable termination" in the context of a due process claim. A decision by a sister district court in *Wellner v. City of N.Y.*, 393 F. Supp. 3d 388 (S.D.N.Y. 2019) provides instructive guidance on this issue. There, the plaintiff brought a §1983 fair trial claim against a police officer who falsely represented to the Assistant District Attorney that the plaintiff hit the officer with her vehicle and attempted to escape. *Id*. at 392.

9

Based on the false representation, the plaintiff was charged with four misdemeanors: reckless endangerment in the second degree, resisting arrest, leaving the scene of an incident without reporting personal injury, and reckless driving. *Id*. at 392-93. After plea negotiations, the original charges were dropped, and the plaintiff pleaded guilty to the sole charge of disorderly conduct. Subsequently, the plaintiff brought a §1983 claim alleging that the officer's false reports violated her due process rights and subjected her to prolonged confinement pending heightened criminal charges. *Id*. at 393. In their motion for judgment as a matter of law, the defendants argued that the *McDonough* decision applies the favorable termination requirement in due process claim, and since plaintiff pled guilty, the favorable termination requirement is unmet. *Id.* at 396. The *Wellner* court rejected the Defendants' position, opining that the plaintiff's due process claim "does not question the validity of her conviction for the offense of disorderly conduct." *Id*. at 397. Instead, the officer's false evidence relates to two original charges which the plaintiff did not plead guilty to, and were ultimately dropped (i.e., the charges of leaving the scene of an incident without reporting personal injury and reckless endangerment in the second degree). *Id*. Based on those facts, the court ruled that the plaintiff had met the favorable termination standard for purposes her due process claim. *Id*.

Similarly, here, Plaintiff was initially charged with several felonies "including two counts of Attempted Assault Upon a Police Officer" based on "information provided by [Officer] MALCOM BELL . . . and OFFICER BILLY CEPEDA, who falsely claimed that the Plaintiff lunged at Defendant OFFICER CEPEDA." Compl. ¶ 11. Like *Wellner*, by bringing this due process claim, Plaintiff is not contesting his misdemeanor conviction for Attempted Criminal Possession of a Weapon. Although Plaintiff ultimately pled guilty to the misdemeanor charge of Attempted Criminal Possession of a Weapon in the Fourth Degree, he did not plead guilty to the

10

felony charges of Attempted Assault upon a Police Officer, and those charges were eventually dropped. *Id*. Accordingly, this Court concludes that Plaintiff has satisfied the favorable termination standard.[1]

Turning to the other factors in a motion to amend, I find that adding the due process claim would not prejudice the Defendants, given that much of the underlying facts overlap with those alleged in the existing Excessive Force claim. Further, Defendants do not contend that they would be prejudiced by the addition of the new claim. *See* Defs.' Opp. Therefore, the requested amendment to add a Fourteenth Amendment Due Process claim against Officer Cepeda should be granted.

### B. Due Process Claim against Proposed New Defendant Detective Malcom Bell

Plaintiff seeks to add a §1983 Due Process claim against a new Defendant, Detective Malcom Bell. In the original complaint, Plaintiff alleged that Detective Bell and Officer Cepeda falsely stated that Plaintiff "lunged at Defendant Officer Cepeda," but only named Officer Cepeda as a defendant. Compl. ¶ 11. Plaintiff now avers that it may have been Detective Malcom Bell, and not Officer Cepeda, who created the false narrative that the Plaintiff approached Officer Cepeda with a knife raised over his head at the time of the shooting. Pl.'s Mot. at 2.

---

[1] This is not to say that a viable due process claim exists whenever a plea negotiation results in the criminal defendant pleading guilty to a less severe crime. The focus here is whether the criminal defendant has been subject to heightened criminal charges based on fabricated evidence or false statements made by law enforcement. Here, Plaintiff does not contest the fact that he was holding a knife, which likely formed the basis of his Attempted Criminal Possession of a Weapon conviction. Plaintiff only contests the veracity of the Defendants' statements claiming that Plaintiff "lunged" toward the officers, which likely formed the basis for the charges of Attempted Assault upon a Police Officer – charges that were later dropped. Hence, if Plaintiff can successfully prove to the fact-finder that the Defendants' statements regarding Plaintiff's "lung[ing]" were false, Plaintiff would have a viable Due Process claim on the assault charges, notwithstanding his guilt on the weapons charge.

Plaintiff attributes the shift in his theory to Defendant Cepeda's deposition where Cepeda denied having communicated with anyone after the shooting. Pl.'s Mot. at 1. Since Defendant Cepeda denies having made the false statements, Plaintiff is now left to speculate that it must have been Detective Bell who falsely stated that Plaintiff was "lunging" toward Officer Cepeda. *Id.*; Compl. ¶ 11; PAC ¶ 11.  Defendants oppose this request arguing that the due process claim would be futile because the favorable termination requirement is unmet. Defs. Opp. at 1-2.

Because this request seeks to add a new defendant, the threshold issue here is whether the proposed claims against the new defendant relate back to the filing of the original complaint. Since the statute of limitations has expired, amending the complaint to add a claim against the proposed new defendant would be futile, unless plaintiff can demonstrate that the relation-back doctrine applies. Although I had directed parties to brief this issue in their opposition and reply during the October 8, 2019 motion hearing, neither party has complied. *See* Mot. Hrg. Oct. 8, 2019 (Hon. Tiscione), No. 17-cv-07565, (FTR Log #11:36 - 11:53). Plaintiff was specifically ordered to file a reply brief addressing this issue by October 29, 2019 but has failed to do so. *See* Minute Entry, ECF No. 38.

Nonetheless, upon reviewing the law and the facts on this record, this court concludes that the relation-back principle does not apply here. Federal law does not allow Plaintiff to belatedly add a new defendant based on the relation-back doctrine, because Plaintiff's failure to name Defendant Bell in the original Complaint was not a result of a "mistake or misnomer of identity." Fed. R. Civ. P. 15(c)(1)(C); *see also Naughright v. Robbins*, 2014 U.S. Dist. LEXIS 148497, at *12-13 (S.D.N.Y. Oct. 16, 2014) (holding that claims cannot be deemed to relate back where the new defendant's identity and purported culpability was known at the time of the filing of the initial complaint but was not pleaded. "[W]hen a plaintiff intentionally decides not to

12

assert a claim against a party known to be potentially liable, there has been no mistake and the plaintiff should not be given a second opportunity to assert that claim after the limitations period has expired."); *Briggs v. Cty. of Monroe*, 2016 U.S. Dist. LEXIS 45281, 2016 WL 1296060, *27 (W.D.N.Y.) ("[p]laintiffs' proposed addition of the new defendants in this case does not seek to cure any mistake of identity; rather, it seeks to cure plaintiffs' ignorance of the potential culpability of the proposed defendants[;] [t]hat it does so after the expiration of the statute of limitations is fatal to plaintiffs' motion"), *report and recommendation adopted by*, *Briggs v. Cty. of Monroe*, 215 F. Supp. 3d 213 (W.D.N.Y. 2016).

  Plaintiff's proposed addition of the new defendant fares no better under New York state law. Under New York's relation-back doctrine, the plaintiff must show that (1) the claims arose out of the same conduct, (2) the new party is united in interest with the original defendant, and (3) the new party knew or should have known that the action would have been brought against him but for a mistake by plaintiff as to his identity. CPLR 203; *See Dacosta v. City of N.Y.*, 296 F. Supp. 3d 569, 585 (E.D.N.Y. 2017) (citing *Buran v. Coupal*, 87 N.Y.2d 173 (1995)). Here, Plaintiff does not contend that there a mistake as to Detective Bell's identity, nor does he allege that Detective Bell had notice of the action. *See Ramos v. Engels*, No. 15-CV-1081 (ARR)(LB), 2016 U.S. Dist. LEXIS 73601, at *11 (E.D.N.Y. June 3, 2016) (An "inability to demonstrate notice is fatal to attempts to have the claims relate back to the filing of the original complaint.") (internal quotations omitted). Plaintiff's failure to amend the Complaint, despite having knowledge of Det. Bell's potential liability at the time the original Complaint was filed, is "not the type of 'mistake' contemplated by New York's relation back doctrine." *See Strada v. City of N.Y.*, No. 11-CV-5735 (MKB), 2014 U.S. Dist. LEXIS 94687, at *30 (E.D.N.Y. July 11, 2014) (holding that plaintiff fails to show a "mistake" for purposes of relation back doctrine, where the

13

potential liability of the additional defendants were "brought to plaintiff's attention within the limitations period" but he failed to timely amend the complaint.)

Accordingly, I conclude that the plaintiff has failed to establish that his otherwise time-barred claim against the proposed new defendant Malcom Bell relates back to the original complaint under federal or state law principles. Therefore, I recommend that the district court deny Plaintiff's request to add the proposed new defendant Bell to this action.

**C. Failure to Train Claim against the City of New York**

Plaintiff seeks to add a Section 1983 claim against the City, alleging that the city failed to train officers Cepeda and Sackett in handling domestic violence situations and lacked a policy requiring a Domestic Violence Officer to be on overnight shifts. PAC ¶¶ 24-25. Plaintiff's counsel represents to this court that this cause of action was "accidentally omitted" in the original complaint, and that more information about the City's policy regarding officers' training and overnight shifts were newly obtained during discovery. Pl.'s Mot. at 2, ECF No. 37. In their opposition, Defendants argue that Plaintiff's "barebones" allegation in the PAC is insufficient to establish municipal liability, and therefore, futile.

This Court agrees with Defendants. Even if this Court were to overlook Plaintiff's oversight in omitting the claim and his belated efforts to rectify the error, it is evident that Plaintiff's proposed amendment fails to sufficiently establish the failure to train claim against the City. A failure-to-train theory of municipal liability requires plaintiff to show that "the municipality failed to adequately train its employees, and that such inadequate training was the product of the municipality's deliberate indifference." *Isaac v. City of N.Y.*, No. 16-CV-4729 (KAM), 2018 U.S. Dist. LEXIS 132995, at *54-55 (E.D.N.Y. Aug. 6, 2018). To establish a cause of action under this theory, a plaintiff must "identify a specific deficiency in the city's

14

training program and establish that the deficiency is closely related to the ultimate injury, such that it actually caused the constitutional deprivation," and further allege facts "tending to show a pattern of similar constitutional violations by police officers that went unaddressed by the City." *Id*. (citing *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 129 (2d Cir. 2004) and *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). Non-conclusory allegations regarding deficient training programs is necessary even at the pleading stage. *Id*. at *49 (E.D.N.Y. Aug. 6, 2018) ("[T]o survive a motion to dismiss, a plaintiff must allege 'sufficient factual detail' and not mere 'boilerplate allegations' that the violation of the plaintiff's constitutional rights resulted from the municipality's custom or official policy.") (internal quotations omitted). Here, although fact discovery has been well underway and Plaintiff has had the opportunity depose Defendant Cepeda, the proposed amended complaint fails to identify the training program it seeks to challenge, nor does it point to a specific deficiency in the city's training program. Further, nothing in the PAC allows an inference of the existence of a pattern or custom by the City regarding similar constitutional violations.[2] Therefore, this Court finds that the failure to train claim against the municipality is insufficiently pleaded in the PAC, and the amendment would thus be futile. *See id*.

---

[2] At best, Plaintiff appears to argue that the city's policy may be inferred from Defendant Cepeda's deposition testimony which reveals that the precinct did not have a Domestic Violence Officer during the overnight shift. Pl.'s Mot. at 2. Yet, this tenuous position asks the Court to improperly assume that the lack of a Domestic Violence Officer on the overnight shift was the cause for the individual officers' alleged unlawful conduct, and to assume, without any factual basis, that there is a city-wide policy of having no Domestic Violence Officer on the overnight shift. *Id*.; *Okla. City v. Tuttle*, 471 U.S. 808, 821 (1985) (holding that it was reversible error to allow the jury to infer an implicit municipal policy of inadequate training, and thus to find municipal liability, based on a single incident of unjustified police shooting).

## CONCLUSION

For the reasons stated above, I respectfully recommend that Plaintiff's motion to amend the Complaint to add a §1983 Due Process Claim against the existing Defendant Cepeda be GRANTED. I further recommend that Plaintiff's requests to add a claim against a new Defendant Malcom Bell and to add a §1983 Failure to Train Claim against the City be DENIED.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
April 21, 2020