UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

MICHAEL SILVER,

                        Plaintiff,

             -against-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE OFFICER BILLY
CEPEDA, Shield # 4301, 83rd Precinct,
NEW YORK CITY POLICE OFFICER
PALMINTERI, Shield # _____ , 83rd
Precinct,

                       Defendants.

------------------------------------------------------------- x

**MEMORANDUM & ORDER**

**17-cv-7565 (NG)(ST)**

GERSHON, United States District Judge:

On April 21, 2020, Magistrate Judge Steven L. Tiscione issued a report and recommendation (the "R&R") granting in part and denying in part plaintiff Michael Silver's motion to amend his complaint.  Judge Tiscione granted plaintiff's request to add a due process claim under 42 U.S.C. § 1983 against defendant Police Officer Billy Cepeda.  He denied plaintiff's requests to add a claim against Detective Malcolm Bell and to add a failure to train claim under § 1983 against defendant City of New York.

Defendants object to Judge Tiscione's decision to allow plaintiff to bring his due process claim.  Plaintiff objects to Judge Tiscione's denial of his request to bring a failure to train claim, but plaintiff does not object to the judge's denial of his request to add Detective Bell as a defendant.

I have reviewed those portions of the R&R to which the parties have objected *de novo*, and I have reviewed the remainder of the R&R for clear error.

I adopt Judge Tiscione's denial of plaintiff's requests to add Detective Malcolm Bell as a defendant and to add a failure to train claim against the City of New York.  I agree with Judge

Tiscione that any claim against Detective Bell is time-barred, that plaintiff's failure to train claim lacks merit, and that any amendment to add these claims would be futile.  I find unpersuasive plaintiff's objections to Judge Tiscione's recommendation regarding the failure to train claim.

With regard to the due process claim, I agree with Judge Tiscione that plaintiff may amend his complaint to include this claim against defendant Cepeda.  Rather than adopt Judge Tiscione's analysis, however, I defer ruling on whether plaintiff's plea to attempted criminal possession of a weapon in the fourth degree constitutes a favorable termination under *McDonough v. Smith*, 588 U.S. ___, 139 S. Ct. 2149 (2019), such that plaintiff may present his claim to a jury.  I will resolve that question upon the parties' full presentation (on summary judgment or via motions *in limine*) of the facts surrounding plaintiff's plea.

In sum, Judge Tiscione's conclusions in the R&R are adopted in full.

**SO ORDERED.**

_____/S/_____

**NINA GERSHON**
**United States District Judge**

July 31, 2020
Brooklyn, New York

2