UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK            Docket Number 17-CV-07565
----------------------------------------------------X
MICHAEL SILVER ,
        Plaintiff,

    v.
THE CITY OF NEW YORK,                    **AMENDED**
NEW YORK CITY POLICE OFFICER             **COMPLAINT**
BILLY CEPEDA, Shield # 4301,
83rd Precinct,
NEW YORK CITY POLICE OFFICER
PAUL PALMINTERI, Shield  #_____
83rd Precinct,
        Defendant(s).
----------------------------------------------------X

## PRELMINARY STATEMENT

1. This is a Civil Rights Action in which Plaintiff, MICHAEL SILVER, seeks redress for the Defendant's violations of rights secured by the Civil Rights Act of 1866 and 1987, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights.  The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C Section 1367(a) over any and all State claims as and against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

1

5. The Plaintiff demands a jury trial on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United states Court for the Eastern District of New York pursuant to 28 U.S.C. 1391(a), (b) and (c).

## PARTIES

7. The Plaintiff, MICHAEL SILVER, is a United States Citizen, and is, and at all times relevant herein, a Resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICER BILLY CEPEDA, Shield Number 4301, upon information and belief, of the 83rd Precinct, and NEW YORK CITY POLICE OFFICER PAUL PALMINTERI, upon information and belief, also of the 83rd Precinct, are at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agent of Defendant CITY OF NEW YORK. Defendants, NEW YORK CITY POLICE OFFICER BILLY CEPEDA, and NEW YORK CITY POLICE OFFICER PAUL PALMINTERI are sued individually and in their official capacity. At all times relevant, Defendants, NEW YORK CITY POLICE OFFICER BILLY CEPEDA and OFFICER PAUL PALMINTERI were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants, NEW YORK CITY POLICE OFFICER CEPEDA and NEW YORK CITY POLICE OFFICER PALMINTERI, were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidents to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the Laws of the State of New York. It is authorized by law to carry out all police functions for defendant CITY OF NEW YORK, and assumes the risks incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

## STATEMENT OF FACTS

### First Incident

11. On January 7, 2015 at approximately 8:30 p.m. the Plaintiff was inside of 1230 Hancock Street in his apartment on the second floor when two members of THE NEW YORK CITY POLICE DEPARTMENT, named Defendant NEW YORK CITY POLICE OFFICER BILLY CEPEDA and NEW YORK CITY POLICE OFFICER THOMAS SACKETT, arrived at the location in response to a 911 call made by the sister of Plaintiff's girlfriend, who is also a neighbor of the Plaintiff. Upon arriving at t he location Defendant NEW YORK CITY POLICE OFFICER BILLY CEPEDA and NEW YORK CITY POLICE OFFICER SACKETT were met by the girlfriend of the Plaintiff, who told Defendant NEW YORK CITY POLICE OFFICER BILLY CEPEDA and NEW YORK CITY POLICE OFFICER SACKETT that the Plaintiff was inside of the apartment threatening to hurt himself with a knife. The Plaintiff's girlfriend escorted Defendant OFFICER CEPDEA and OFFICER SACKETT into the apartment, where they observed the Plaintiff holding a knife. Defendant NEW YORK POLICE OFFICER CEPEDA and OFFICER SACKETT then retreated from the apartment, leaving the Plaintiff and his

girlfriend inside. Defendant NEW YORK CITY POLICE OFFICER CEPEDA and OFFICER SACKETT then heard the Plaintiff's girlfriend yelling at the Plaintiff and re-entered the apartment. Upon re-entering the apartment, the Plaintiff's girlfriend approached the Plaintiff and proceeded to take the knife from the Plaintiff, whereafter Defendant NEW YORK CITY POLICE OFFICER BILLY CEPEDA fired one shot from his service weapon, which was loaded with hollow point bullets, striking the Plaintiff once in the abdomen, and causing the Plaintiff's girlfriend to turn to Defendant NEW YORK CITY POLICE OFFICER CEPEDA, and exclaim "why did you shoot him, I got the knife?" As a result of Defendant NEW YORK CITY POLICE OFFICER BILLY CEPEDA'S actions and conduct the Plaintiff was taken to a local area hospital for medical treatment for the physical injuries caused by the bullet wound, which injured Plaintiff's stomach, colon and pancreas, which treatment involved multiple surgeries, a lengthy period of hospitalization, extreme pain, permanent injury and loss of employment. Upon information and belief, the Plaintiff was subsequently charged in a Felony Complaint with several violations of the New York State Penal Law by THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, including two counts of Attempted Assault Upon a Police Officer (New York Penal Law Section 110.120.11 and 120.08), which charges were falsely levied in a Felony Complaint filed against the Plaintiff in Kings County Criminal Court based upon information provided by named Defendant NEW YORK CITY POLICE OFFICER BILLY CEPEDA and NEW YORK CITY POLICE DETECTIVE MALCOM BELL, Shield # 7556, who falsely claimed that the Plaintiff lunged at Defendant NEW YORK CITY POLICE OFFICER CEPEDA. The seriousness of the charges levied against the Plaintiff by named Defendant NEW YORK CITY POLICE OFFICER BILLY CEPEDA caused the Court to set a high bail, and resulted in the Plaintiff spending additional time incarcerated prior to posting bail. Plaintiff subsequently pled guilty to violating New York State Penal Law Section 110/265.01(2) (Attempted Criminal Possession of a Weapon in the Fourth Degree) which is a

Class B Misdemeanor, in full satisfaction of all the charges contained in Indictment Number 313/2015.

## Second Incident

12. On November 18, 2015 at approximately 12:30 a.m. the Plaintiff was in the vicinity of Central Avenue and Halsey Street in Kings County when he was approached by Defendant NEW YORK CITY POLICE OFFICER PAUL PALMINTERI, who asked the Plaintiff what he was doing in the area and simultaneously ordered the Plaintiff to provide identification. Defendant OFFICER PALMINTERI then began to search the Plaintiff, placing his hands inside of the Plaintiff's groin area, causing lacerations and bruising to the Plaintiff's groin area. Defendant OFFICER PALMINTERI then handcuffed the Plaintiff and held the Plaintiff in custody for several hours prior to issuing the Plaintiff two Summonses for allegedly violating New York Penal Law Sections 221.05 (Possession of Marijuana) and 240.20 (Disorderly Conduct), both of which were dismissed on or about January 16, 2016. As a result of the injuries caused by Defendant OFFICER PALMINTERI, Plaintiff was required to seek medical attention at a local area hospital for injuries to his groin and leg, and has a permanent scar on the right leg as a result of the aforementioned injury inflicted by Defendant NEW YORK CITY POLICE OFFICER PAUL PALMINTERI.

## FIRST FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Excessive Force**

13. The Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One(1) through Twelve (12) as if fully set forth herein.

14. Upon information and belief, on January 7, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER BILLY CEPEDA, acting under color of State law, violated Section 42 U.S.C. 1983 by using excessive force upon the Plaintiff by unlawfully shooting the Plaintiff without lawful reason or cause.

15. That the actions of Defendant NEW YORK CITY POLICE OFFICER BILLY CEPEDA occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-False Arrest**

16. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Fifteen (15) as if fully set forth herein.

17. Upon information and belief, on November 18, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER PAUL PALMINTERI, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully placing Plaintiff under arrest without lawful reason or cause.

18. That the actions of Defendant NEW YORK CITY POLICE OFFICER PAUL PALMINTERI occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CAUSE OF ACTION

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution-Due Process Violations**

19. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. Upon information and belief, on November 18, 2015, the conduct of named Defendant, NEW YORK CITY POLICE OFFICER PAUL PALMINTERI, acting under color of State Law,

violated Section 42 U.S.C. 1983 by unlawfully accusing the Plaintiff of violation of New York Penal Law Section 240.20 (Disorderly Conduct), without any basis in law or fact.

21. That the actions of Defendant, NEW YORK CITY POLICE OFFICER PAUL PALMINTERI occurred in and during the scope and duties as a New York City Police Officer, and while acting as an employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

22. Upon information and belief, in January 2015, Defendant NEW YORK CITY POLICE OFFICER BILLY CEPEDA, acting in concert with NEW YORK CITY POLICE DETECTIVE MALCOM BELL, Shield Number 7556, caused false Felony Complaint containing felony charges of Attempted Assault Upon a Police Officer, namely Defendant NEW YORK CITY POLICE OFFICER BILLY CEPEDA, to be levied against the Plaintiff, causing Plaintiff to have higher bail and remain incarcerated without lawful reason or cause.

23. That the actions of Defendant NEW YORK CITY POLICE OFFICER BILLY CEPEDA and NEW YORK CITY POLICE DETECTIVE MALCOM BELL occurred in and during the scope of their duties as New York City Police Officers, and while acting as agents and employees of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

**FOURTH FEDERAL CAUSE OF ACTION**

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force**

24. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Three (23) as if fully set forth herein.

25. Upon information and belief, on November 18, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER PAUL PALMINTERI, acting under color of State Law, violated

Section 42 U.S.C. 1983 by unlawfully using excessive force upon the Plaintiff, causing injury to Plaintiff for no lawful reason or cause.

26. That the actions of Defendant NEW YORK CITY POLICE OFFICER PAUL PALMINTERI, occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FIRST STATE LAW CLAIM

27. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28. That on November 18, 2015, the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER PAUL PALMINTERI, which resulted in the unlawful search, detention and arrest of the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

29. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty (30) as if fully set forth herein.

30. That on January 7, 2015, the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER BILLY CEPEDA, which resulted in physical injury to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

31. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty (30) as if fully set forth herein.

32. That on January 7, 2015, the Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER

BILLY CEPEDA, resulting in the physical injury of the Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

### FOURTH STATE LAW CLAIM

33. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty Two (32) as if fully set forth herein. That on November 18, 2015, the Defendant CITYOF NEW YORK, by negligently hiring training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER PAUL PALMINTERI, resulted in the unlawful search, detention, injury and arrest of the Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

**WHEREFORE**, the Plaintiff demands the following relief, jointly and severally, against all Defendants:

1. Compensatory Damages for Plaintiff.
2. Punitive Damages against Defendant NEW YORK CITY POLICE OFFICER BILLY CEPEDA and Defendant NEW YORK CITY POLICE OFFICER PAUL PALMINTERI.
3. A Court Order, pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to the costs of the instant action, and Attorney's fees.
4. Such other and further relief as the Court may deem necessary and appropriate, including monetary relief.

/S/

_____
VICTOR M. BROWN, ESQ.
Attorney for Plaintiff
(VB-5289)
11 Park Place, Suite 1100
New York, NY 10007
(212) 227-7373

Dated: August 26, 2020

**Via ECF**